**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARRELL BRACEY,

                Petitioner,

          v.

WARDEN FCI FORT DIX,

                Respondent.

Civil Action No. 25-1553 (MAS)

**OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the habeas petition filed by Petitioner Darrell Bracey pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Following an order to answer, the Government responded to the petition.  (ECF No. 5.)  Petitioner did not file a timely reply.  (ECF Docket Sheet.)  For the following reasons, Petitioner's habeas petition is denied.

**I.      BACKGROUND**

    Petitioner is an inmate currently detained in FCI Fort Dix.  (ECF No. 5-2 at 1.)  Petitioner's current detention arises out of his conviction of a number of violations of the District of Columbia's penal code, including a conviction for committing kidnapping while armed in violation of D.C. Code § 22-2101, 3202.  (*Id.*)  In his current habeas petition, Petitioner contends that he is being improperly denied credits under the First Step Act because he is a D.C. inmate, rather than a federal prisoner, and that, were the BOP to properly award him credits under the Act, he would already have sufficient credits to mandate his transfer to a residential facility.  (ECF No. 1 at 1-7.)

Petitioner did not file for an administrative remedy with the BOP before filing his habeas petition. (ECF No. 4-1 at 2-4.)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a prisoner only when he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    **DISCUSSION**

In his habeas petition, Petitioner argues that the BOP has improperly denied him credits under the First Step Act because he is serving a D.C. Superior Court sentence. In adopting the First Step Act, Congress incentivized prisoners to engage in evidence-based recidivism reduction programs by offering inmates credits that may be applied towards either early supervised release or early transfer to a residential detention facility. *See* 18 U.S.C. § 3632(d)(4)(C). In adopting the statute, however, Congress defined a list of specific offenses which would render any inmate ineligible to earn or apply credits under the act. *See* § 3632(d)(4)(D). Crimes that render an inmate ineligible include those under "[a]ny section of Chapter 55, relating to kidnapping." 18 U.S.C. § 3632(d)(4)(D)(xxvi). Chapter 55 covers a wide array of kidnapping offenses, including any offense in which a person "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" over whom federal court jurisdiction would apply, such as those transported in interstate commerce or subject to federal maritime or air jurisdiction, or where the victim is a protected federal official or a foreign official. *See* 18 U.S.C. § 1201(a).

Because the First Step Act was silent as to its applicability to D.C. inmates, the BOP initially concluded that such inmates were ineligible for First Step Act credits unless and until the

D.C. Council adopted a law extending the credits to D.C. inmates. *See, e.g.*, 28 C.F.R. § 523.44(a)(3). In 2023, however, the D.C. Council adopted D.C. Code § 24-403.01b, which provided that inmates serving D.C. sentences in federal prisons would earn First Step Act credits "except for those persons determined to be ineligible by the Department of Corrections or Bureau of Prisons because of their conviction for a District offense analogous to an ineligible federal offense." D.C. Code § 24-403.01b(a). Petitioner would thus be eligible to accrue First Step Act credits only if his offenses of conviction are not "analogous" to an ineligible federal offense.

One of Petitioner's convictions was for armed kidnapping, in violation of what was at the time D.C. Code § 22-2101, which is now codified at D.C. Code § 2001. That statute is violated whenever an individual either directly or aids or abets in the "seizing, confining, inveigling, enticing, decoying, kidnapping, abducting, concealing, or carrying away any individual by any means whatsoever . . . with the intent to hold or detain, such individual for ransom or reward or otherwise." Petitioner's kidnapping conviction is clearly analogous to a federal kidnapping offense. Indeed, the statute uses identical or equivalent terminology apart from the lack of the federal jurisdictional hooks. *See* D.C. Code § 22-2001; *cf.* 18 U.S.C. § 1201(a). Because one of Petitioner's crimes of conviction under the D.C. Code is clearly analogous to an ineligible federal offense, the BOP concluded that Petitioner is ineligible to earn and apply First Step Act credits under D.C. law. (*See* ECF No. 5-2 at 2.) The BOP's conclusion was not erroneous because the federal kidnapping statute and the D.C. Code's kidnapping offense largely mirror one another and are certainly analogous to one another. Petitioner is thus not eligible to earn First Step Act credits under the relevant portion of the D.C. Code, and his claim to the contrary in his habeas petition is without merit. Petitioner's habeas petition shall therefore be denied.

Finally, the Court notes that Petitioner did not exhaust his claim through the BOP administrative remedy system prior to filing his petition in this matter. Habeas petitioners are

generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, No. 21-7326, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

Fort Dix records indicate that Petitioner did not attempt to file for an administrative remedy before filing his habeas petition. (ECF No. 5-1 at 2, 4.) Had he done so, a record of the BOP's reasons for refusing to provide him with credits under the First Step Act could have been created to facilitate the review of his claims, and Petitioner could have disputed the analogousness of his convictions to ineligible FSA offenses. Exhaustion thus would not have been futile. As Petitioner has not shown that exhaustion would have been futile in this matter and as the BOP could have considered his claims and awarded FSA credits if Petitioner had a meritorious claim, the Court finds no basis upon which to excuse Petitioner's failure to exhaust. Petitioner's habeas petition would therefore be subject to dismissal for this reason as well.

## IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 8/27/25